IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL BUTLER,<br><br>  Plaintiff<br><br>vs.<br><br>APOLLO GROUP, INC. and THE UNIVERSITY OF PHOENIX, INC.,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 1:11-CV-324 |

### DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Apollo Group, Inc. and The University of Phoenix, Inc. (hereinafter collectively referred to as "Defendants") hereby give notice that they are removing this civil action to the United States District Court for the Western District of Texas, Austin Division, based on the existence of diversity jurisdiction. In support of this Notice of Removal, Defendants respectfully show as follows:

### I.
### PROCEDURAL HISTORY

1. Plaintiff Michael Butler ("Plaintiff") filed his Original Petition in Travis County District Court on March 11, 2011.

2. Removal is proper to this federal district and division because it embraces Travis County, Texas.[1]

3. On March 30, 2011, Defendants were served via their registered agent.

4. Therefore, this Notice of Removal is timely because it has been filed

DEFENDANTS' NOTICE OF REMOVAL – PAGE 1

within thirty days of the date on which Defendants' agents for service of process received a copy of Plaintiff's Petition.[2]

5.  Plaintiff is a former employee and has asserted numerous claims, including: defamation, libel per se, defamation per se, tortious interference with existing contracts, tortious interference with prospective relations, and intentional infliction of emotional distress. Plaintiff has also sought attorneys' and expert fees. Additionally, Plaintiff has sought punitive damages. *See* Plaintiff's Original Petition, ¶¶5.9, 5.19, 5.27, 5.36.

6.  True and correct copies of all process, pleadings, and orders served on Defendants in the state court proceeding and a certified copy of the state court docket sheet are attached hereto as Exhibits 1 and 2 and incorporated herein by reference for all purposes.

7.  Defendants will give prompt written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of it with the Clerk of the Travis County District Court.

8.  All of the Defendants consent to removal of this matter.

## II.
## JURISDICTIONAL ALLEGATIONS

A.  **Amount In Controversy Exceeds $75,000**

Defendants may show that the amount in controversy exceeds $75,000 by (1) demonstrating that it is "facially apparent" that plaintiff's claimed damages are likely

---

[1] *See* 28 U.S.C. § 124(d)(1).
[2] *See* 28 U.S.C. § 1446(b).

greater than $75,000 or (2) "setting forth the facts in controversy –preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

Federal courts in Texas have frequently determined that suits under similar circumstances wherein a plaintiff seeks damages such as front pay, back pay, compensatory damages, and attorneys fees are removable because it is "facially apparent" that claims for these damages may exceed $75,000, even if the amount in controversy is not specified by the plaintiff's petition. *See Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916 (W.D. Tex. 2005) (holding it was facially apparent that claim exceeded jurisdictional limits, because sued for actual damages, compensatory damages, emotional distress, punitive damages and attorney fees under Chapter 21 of the Texas Labor Code, even though the petition did not state the amount plaintiff sought); *Fuentes v. Union Pacific R.R. Co.*, 2006 WL 506048 (W.D. Tex. Feb. 14, 2006)(holding that it was facially apparent that the amount in controversy exceeded $75,000 in suit for compensatory damages and attorney's fees under Chapter 21 of the Texas Labor Code, even though plaintiff specifically pleaded for recovery not to exceed $74,000); *Thomas v. Speedfam-Ipec Corp.*, 2003 U.S. Dist. LEXIS 11002 (N.D. Tex. June 19, 2003)(holding that it was facially apparent that the amount in controversy exceeded the jurisdictional limit when plaintiff sued for reinstatement, lost earnings, compensatory damages and punitive damages under Chapter 21 of the Texas Labor Code).

As Judge Rodriguez has noted, the Fifth Circuit has found that a request for

punitive damages by itself can support a finding that it is facially apparent that the amount in controversy exceeds the jurisdictional amount. *See Acosta,* 400 F. Supp. 2d at 921 (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)).

Additionally, prior to the filing of this suit, Plaintiff made a written demand for more than the jurisdictional minimum.

Accordingly, because of the nature of claims asserted, Defendants have established that this matter exceeds the minimum amount-in-controversy requirement for this Court to have jurisdiction.

### B. <u>Complete Diversity Between The Parties Exists</u>

Removal is proper under 28 U.S.C. §§ 1332 and 1441 because there is complete diversity of citizenship between Plaintiff the Defendants.

Upon information and belief, Plaintiff is a citizen of the State of Texas. *See* Plaintiff's Petition, ¶ 2.1.

On the other hand, Defendants University of Phoenix and Apollo Group, Inc. are both Arizona corporations with their principal place of business in Phoenix, Arizona. *See* Exhibit 3, Declaration of Mary Beth Orson, ¶2. Because Plaintiff is a citizen of Texas, and both Defendants are citizens of Arizona, Defendants have established complete diversity of citizenship exists.

### III.
### PRAYER FOR RELIEF

Defendants respectfully requests that this Court assume jurisdiction over this civil action and proceed with its handling as if it had been originally filed in the United States District Court for the Western Division of Texas, Austin Division.

Dated April 21, 2011                                    Respectfully submitted,


/s/ Jeremy W. Hawpe
Kevin S. Mullen
Texas State Bar No. 24032892
kmullen@littler.com
Jeremy W. Hawpe
Texas State Bar No. 24046041
jhawpe@littler.com

LITTLER MENDELSON
A Professional Corporation
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201.2931
214.880.8100
214.880.0181 (Fax)

ATTORNEYS FOR DEFENDANTS
APOLLO GROUP, INC. and THE
UNIVERSITY OF PHOENIX, INC.


## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April 2011, I sent via certified mail, return receipt requested, the above filing to the following:

Wylie E. Kumler
Melton & Kumler, L.L.P.
2705 Bee Cave Rd., Suite 220
Austin, TX  78746
512.330.0017
512.330.0067 Fax

/s/ Jeremy W. Hawpe

Firmwide:101232078.1 059158.1108